**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4207**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAVARIS LAMONT FOWLER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00129-CCE-1)

Submitted:  November 25, 2025                    Decided:  December 2, 2025

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Lisa S. Costner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Julie Carol Niemeier, Kyle David Pousson, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavaris Lamont Fowler pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Fowler to 102 months' imprisonment and three years of supervised release. On appeal, Fowler's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Fowler's sentence is substantively reasonable. Although informed of his right to do so, Fowler has not filed a pro se supplemental brief. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (citation modified). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by

2

showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

With respect to the procedural reasonableness of Fowler's sentence, the district court correctly calculated the Guidelines range, considered the parties' arguments and Fowler's individualized circumstances, allowed Fowler to allocute, and explained why the chosen sentence was appropriate. Thus, we conclude that Fowler's sentence is procedurally reasonable.[*]

Turning to substantive reasonableness, the district court considered Fowler's nonfrivolous mitigating arguments and expressly stated that it did not sentence him at the top of his Guidelines range because of those mitigating factors. The court expressed concern that Fowler's criminal history was underrepresented and not accurately reflected in his Guidelines range. Ultimately, the court found that Fowler's criminal history, the nature and circumstances of the offense, and the need to protect the public outweighed the mitigating factors and warranted the 102-month sentence. We thus conclude that Fowler fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

---

[*] Although the district court properly calculated Fowler's Guidelines range, the "Sentencing Recommendation" portion of the presentence report contains a clerical error regarding Fowler's total offense level, which error is repeated in the district court's sealed Statement of Reasons. *Compare* Sealed J.A. 103, 128, *with* Sealed J.A. 131, 178. Accordingly, we grant Fowler's request, with no objection from the Government, to permit the district court leave to correct the error as warranted.

This court requires that counsel inform Fowler, in writing, of the right to petition the Supreme Court of the United States for further review.  If Fowler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fowler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*